UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

    v.                                              **DECISION AND ORDER**
                                                          11-CR-251S
TOMMIE ROLLINS,                                            19-CR-34S

                Defendant.

        Presently before this Court is Defendant Tommie Rollins's "Motion to Vacate P.S.R.," in which he challenges the Bureau of Prisons' alleged failure to calculate his good-time credit under Section 102 (b)(1)(A) of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5222 (2018) and to provide him appropriate treatment. That provision amended 18 U.S.C. § 3624 (b)(1) to change the manner of calculating good-time credit and allow for an increase in the maximum good-time credit from 47 to 54 days per year. For the reasons below, Rollins's motion must be denied.

        First, because Rollins is challenging the Bureau of Prisons' execution of his sentence, his motion is properly construed as one for habeas relief under 28 U.S.C. § 2241. See Adams v. United States, 372 F.3d 132, 135 (2d Cir. 2004) ("Section 2241[ ] is the proper means to challenge the *execution* of a sentence"); Bell v. Finley, 9:21-CV-0413 (GTS/ML), 2021 WL 1895029, at *2 (N.D.N.Y. May 11, 2021) ("[A] petitioner may use a section 2241 petition to challenge a federal official's computation of a sentence, parole decisions, or prison disciplinary actions."). A § 2241 petition, however, must be filed in the judicial district with jurisdiction over the inmate's current custodian. See Rumsfeld v. Padilla, 542 U.S. 426, 434-35, 124 S. Ct. 2711, 159 L. Ed. 2d 513 (2004);

1

see also 28 U.S.C. §§ 2242, 2243.  Because Rollins is incarcerated at the Schuylkill Federal Correctional Institution in Pennsylvania, this Court lacks jurisdiction over any § 2241 petition.

Second, even if this Court had proper jurisdiction, it cannot do what Rollins seemingly wants it to do: apply good-time credit in the first instance.  See Wright v. Hudson, No. 9:12-CV-01638-JKS, 2015 WL 5971055, at *3 (N.D.N.Y. Oct. 14, 2015) ("Thus, with respect to a § 2241 petition challenging the computation of credit on a federal sentence, a district court has the power only to review a decision by the BOP, not to make credit determinations in the first instance.").  It is the Bureau of Prisons, not the courts, that determines good-time credit.  See 18 U.S.C. § 3624 (b); cf. United States v. Wilson, 503 U.S. 329, 333, 112 S. Ct. 1351, 117 L. Ed. 2d 593 (1992) (holding that the Attorney General, not the federal courts, determines the appropriate credit for time spent in official detention).

Finally, as to Rollins's request to be placed in treatment, this Court again lacks the authority to grant relief as the Second Circuit has held that "[t]he BOP is the sole agency charged with discretion to place a convicted defendant within a particular treatment program or a particular facility."  Levine v. Apker, 455 F.3d 71, 83 (2d Cir. 2006) (citing United States v. Williams, 65 F.3d 301, 307 (2d Cir. 1995)).

Consequently, for these reasons, Rollins's motion must be denied.

IT HEREBY IS ORDERED, that Defendant's "Motion to Vacate P.S.R." (Docket No. 122 in 11-CR-251S; Docket No. 65 in 19-CR-34S) is DENIED.

FURTHER, that the Clerk of Court is DIRECTED to send a copy of this decision to Defendant at his correctional institution of record.

Date:  May 18, 2021
       Buffalo, NY

                                    <u>s/William M. Skretny</u>
                                    WILLIAM M. SKRETNY
                                    United States District Judge